IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ERIC LARSON,
   Plaintiff(s),

v.               Case No. 10-C-446

WISCONSIN CENTRAL LTD.,
   Defendant(s).

**SCHEDULING ORDER**

The court held a scheduling conference by telephone with the parties' attorneys on September 3, 2010 pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16(a) (E.D. Wis.). Accordingly, the parties shall comply with the following schedule and procedures.

**DISCOVERY**

1. The parties shall comply with Fed. R. Civ. P. 26(a)(1) concerning initial disclosures on or before **September 28, 2010**.

2. The parties may file any amendments to the pleadings on or before **December 31, 2010**.

3. The parties are to disclose information concerning expert witnesses in accordance with Fed. R. Civ. P. 26. Plaintiff's expert witness disclosure is due on or before **June 30, 2011**. Defendant's expert witness disclosure is due on or before **August 30, 2011**.

4. The court waives the Civil L.R. 26(b)(1)(B) requirement for reports from treating physicians. Treating physicians must provide all medical reports and will be required to provide a short report for any opinions offered that are not set forth in the medical records submitted.

1

5. All requests for discovery shall be served by a date sufficiently early so that all discovery in this case can be completed no later than **November 30, 2011**.

6. All discovery motions shall comply with Civil L.R. 37, by including a written certification regarding the parties' efforts to reach an accord.

7. In order for a discovery motion to be considered on an expedited basis, the motion must be designated as a "Civil L.R. 7(h) Expedited Non-Dispositive Motion". Counsel should consult Civil L.R. 7(h)(2) for the requirements regarding content and page limitations and for the response deadline for expedited motions. Any motion not specifically designated as a "Civil L.R. 7(h) Expedited Non-Dispositive Motion" will be subject to the briefing schedule and other provisions of Civil L.R. 7.

8. Motions requesting non-dispositive procedural relief will generally be granted when the opposing party does not object and the relief being requested will not unduly delay the disposition of the case. Counsel seeking such relief shall consult with the opposing party and include in the motion a brief statement indicating whether or not the motion is opposed.

## SUMMARY JUDGMENT MOTIONS

9. On or before **December 15, 2011**, all summary judgment motions shall be served and filed. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L.R. 7. Counsel should consult Civil L.R. 56(b) for the requirements regarding materials to be filed, page limitations, and filing deadlines.

9. Any summary judgment motion filed against a pro se litigant must comply with Civil L.R. 56(a).

2

10. If one or more parties believe there is a threshold factual issue that could resolve the case quickly, this Court has adopted an expedited "fast track" summary judgment procedure. Additional information can be found on the court's website at www.wied.uscourts.gov under Contact Information/Judges/William C. Griesbach/Special Instructions for Litigants.

## FINAL PRETRIAL AND TRIAL

11. A final pretrial will be held on **January 27, 2012 at 11:00 a.m.** at 125 South Jefferson Street, Green Bay, WI 54301, in Room 201. Attorneys for all parties are required to appear in person. Parties need not appear, but should be available by telephone.

12. A jury trial will be held on **February 13, 2012 at 8:30 a.m.** at 125 South Jefferson Street, Green Bay, WI 54301, in Room 201.

## ADDITIONAL PROCEDURES

13. All requests of the court are to be made by formal motion in accordance with Civil L.R. 7 and the Federal Rules of Civil Procedure. Requests and arguments contained in letters will not be considered by the court.

14. Courtesy copies of any briefs, memorandums, affidavits, exhibits, stipulations or proposed findings of fact that exceed ten (10) pages in length shall be mailed or delivered to the Office of the Clerk within 48 hours of electronically filing the original document. Each such copy shall be clearly marked "COPY" on the first page of the document.

15. The court expects counsel to confer and make a good faith effort to settle the case. Counsel should explore various methods of alternate dispute resolution (ADR). If the parties are serious about mediation, the court will, upon request, refer the case to one of the magistrate

judges for mediation, at no cost to the parties. Any such request must be made at least ninety (90) days prior to the final pretrial conference.

16. The parties are hereby notified that settlement discussions are to be completed prior to the final pretrial conference. With respect to cases wherein settlement occurs after the final pretrial conference, the court reserves the right to impose jury-related costs, including notification, travel and attendance fees, upon the responsible attorneys.

17. The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

SO ORDERED this 3rd day of September, 2010.

s/ William C. Griesbach  
WILLIAM C. GRIESBACH  
United States District Judge